**In re Anonymous No. 41 D.B. 82**

Disciplinary Board Docket no. 41 D.B. 82.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

GILBERT, *Member,* November 19, 1991—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above captioned petition for reinstatement.

## HISTORY OF PROCEEDINGS

Petitioner, [ ], resigned with prejudice from the bar of the state of New Jersey and was subsequently disbarred by the New Jersey Supreme Court by order dated June 8, 1982. By order of the Supreme Court of Pennsylvania, dated July 30, 1982, petitioner was directed to show cause why imposition of identical or comparable discipline in the Commonwealth of Pennsylvania would not be warranted. Upon consideration of the answer filed by petitioner and Office of Disciplinary Counsel's response, the Supreme Court of Pennsylvania disbarred respondent by order dated October 15, 1982, effective June 8, 1982.

On December 2, 1988, petitioner filed his petition for reinstatement. The matter was originally referred to Hearing Committee [ ], but was reassigned on December 29, 1988 to Hearing Committee [ ] consisting of [ ]. A reinstatement hearing was held on December 5, 1989, at which petitioner was represented by [ ]. By its report filed November 21, 1990, the Hearing Committee recommended that petitioner be reinstated to the practice of law in the Commonwealth of Pennsylvania. By letter dated November 23, 1990, Office of Disciplinary Counsel advised that it would not file

a brief on exceptions to the report of the Hearing Committee.

## FINDINGS OF FACT

Petitioner, [　], age 36, is married since June of 1983 and has one son, age 6. Petitioner and his wife are currently anticipating the adoption of a child from Thailand. Petitioner resides with his family at [　].

Petitioner was born in [　] in 1954. He earned his Bachelor of Arts degree from [　] University in 1977. In 1980, petitioner obtained his Juris Doctor from [　] University School of Law. Petitioner was admitted to the practice of law before the Supreme Court of Pennsylvania on November 26, 1980.

From June of 1980 until July of 1981 petitioner was employed by [A] Legal Services Inc., in [　], Pennsylvania, first as a law clerk and then, upon admission to the bar, as a staff attorney. In July of 1981, petitioner became a deputy clerk in charge of the [　] Office of the U.S. Bankruptcy Court for the District of New Jersey, where he served until his resignation in April of 1982.

The state of New Jersey permits persons who have achieved a score of 145 or better in the multi-state portion of the bar examination to become members of the New Jersey bar upon the presentation of evidence of good character and completion of the skills and methods course (N.J. Rule 1:27). On August 13, 1981, petitioner submitted to the New Jersey Board of Law Examiners, a copy of the notice of successful completion of the Pennsylvania bar examination that he had received from the Pennsylvania Board of Law Examiners dated November 21, 1980. Petitioner had altered this document to indicate that his multi-state scaled score was 145 rather than his achieved score of 140. Petitioner

was subsequently admitted to the bar of the state of New Jersey on December 17, 1981, upon completion of the skills and methods course and without having to pass the New Jersey bar examination. Despite becoming a member of the New Jersey bar, petitioner never practiced law in the state of New Jersey.

In March 1982, an investigator from the New Jersey Attorney General's Office confronted petitioner about the falsified bar examination score. Upon being questioned by the investigator, petitioner candidly admitted his wrongdoing. Immediately thereafter, on his own initiative, petitioner resigned from his position with the U.S. Bankruptcy Court. On May 19, 1982, petitioner pled guilty to one count of false alteration of a document in violation of N.J.S. 2C:28-7 and thereafter paid a fine in the amount of $100. On May 21, 1982, petitioner submitted his resignation with prejudice from the bar of the state of New Jersey. The Supreme Court of New Jersey accepted petitioner's resignation and disbarred petitioner on June 8, 1982. On June 25, 1982, petitioner reported his resignation and subsequent disbarment from the practice of law in New Jersey to Office of Disciplinary Counsel. As a result, petitioner was subject to reciprocal discipline and by order dated October 15, 1982, the Supreme Court of Pennsylvania disbared petitioner, effiective June 8, 1982.

After a brief period during which he was unable to find long-term employment, petitioner began a new career in mortgage banking with [B] Savings and Loan in New Jersey. In 1986, petitioner moved to his current position of branch regional manager and vice president of [C], a New Jersey subsidiary of [D]. In his present position, petitioner is licensed by the New Jersey Banking Commission, is bonded, and is responsible for approximately 15 employees. Prior to his accepting em-

ployment with [C], petitioner disclosed to his employer and the bonding agency, all the facts in regard to his disbarment.

During the period of his disbarment, petitioner, at no time, has engaged in the practice of law. In order to remain competent in the learning of the law, petitioner completed the Pennsylvania basic practice course in August of 1988. In addition, petitioner maintains an affiliate membership in the [ ] County Bar Association, subscribed to the [ ] *Law Journal,* and has attended various seminars relating to financial and mortgage banking sponsored by the [G] in New Jersey. Although petitioner took the Maryland bar examination in about 1982, petitioner did not attend the Maryland bar review course and did not pass the examination.

Petitioner acknowledges and takes full responsibility for his misconduct which led to his disbarment. He acknowledges that his misconduct was reprehensible and has expressed remorse and regret.

## DISCUSSION

In order for petitioner to gain reinstatement to the practice of law before the bar of the Supreme Court of Pennsylvania, he has the burden of demonstrating, by clear and convincing evidence, that he has both the moral qualifications and the competency and learning in the law required for admission to practice in this Commonwealth. In addition, he has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest. See Rule 218(c)(3)(i) of the Pennsylvania Rules of Disciplinary Enforcement.

## A. Keller *Threshold Issue*

However, before reaching these issues, the initial inquiry in the case of a disbarred attorney must be an analysis of the *Keller* threshold issue of whether the magnitude and severity of petitioner's misconduct which prompted his disbarment would permit petitioner to resume the practice of law without undermining the standing and integrity of the bar. *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986). In *Keller,* the Supreme Court of Pennsylvania made it clear that some misconduct may be of such an egregious nature that no amount of time can dissipate the adverse effect reinstatement of an offending attorney might have upon the standing and integrity of the bar. *In re* [    ], 4 D.B. 76, citing *Keller.* Thus, in accord with *Keller,* the board must focus on petitioner's misconduct and determine whether the passage of time and petitioner's subsequent rehabilitation has sufficiently dissipated the magnitude of petitioner's breach of trust so as to permit reinstatement without jeopardizing the standing and integrity of the bar in the eyes of the public.

The record indicates that petitioner engaged in one instance of false swearing. In order to be admitted to the bar of the state of New Jersey, without having to pass the New Jersey bar examination, petitioner submitted to the New Jersey Board of Law Examiners a falsified copy of the notice of his completion of the Pennsylvania bar examination. Petitioner had altered this document to indicate that his multi-state scaled score was 145 rather than his achieved score of 140. The record also indicates that petitioner did not perpetuate this falsehood by practicing law in the state of New Jersey. When confronted with his falsehood, petitioner immediately admitted his conduct and re-

signed from the bar of the state of New Jersey which resulted in his disbarment from that bar. The Pennsylvania Supreme Court imposed reciprocal discipline. Eight years have passed since petitioner's initial disbarment from the bar of the Commonwealth of Pennsylvania. In that period of time, petitioner has not engaged in the practice of law nor has he been involved in any further misconduct. Petitioner has rebuilt his life. Working diligently to provide for his family, petitioner obtained his mortgage broker license and attained the position of branch regional manager and vice president of [C], a New Jersey subsidiary of [D]. From the start of his employment, petitioner fully disclosed the fact of his disbarment. In addition, testimony was proffered and uncontested at the reinstatement hearing as to petitioner's good reputation for truth and veracity in the business community and the community in which petitioner lives. Petitioner fully acknowledges and has expressed remorse and regret for his misconduct. In light of the foregoing, the Disciplinary Board agrees with the determination of both the Hearing Committee and Office of Disciplinary Counsel that the petitioner has satisfied the *Keller* test.

## B. *Moral Qualifications*

The record indicates that since petitioner's disbarment, he has built a new life in which there is no suggestion that petitioner has engaged in further misconduct, nor is there any suggestion that petitioner has practiced law. Petitioner has worked diligently to achieve a position of vice president in charge of a mortgage lending company known as [C]. Throughout his job search and his current employment, petitioner has always disclosed the fact of disbarment. [E], president of [D] Savings and Loan, and [F], a New Jersey lawyer who represents [C], testified that petitioner had been

absolutely honest about his disbarment and enjoys a very good reputation for truth and veracity in the business community.

Petitioner has taken full responsibility for his misconduct. When he was confronted with his false swearing, petitioner immediately admitted his conduct and resigned from the bar of the state of New Jersey. Petitioner also notified the Office of Disciplinary Counsel of his disbarment from the bar of the state of New Jersey. Finally, petitioner acknowledged that his misconduct was reprehensible and has expressed remorse and regret. The board therefore concludes that the previous misconduct was an aberration, that the petitioner now has the reputation for sound character and honesty in his community and thus, permitting petitioner to resume the practice of law, will not have a detrimental effect upon the integrity and standing of the bar, the administration of justice nor be subversive of the public interest.

## C. *Competency and Learning in the Law*

During the period of his disbarment, petitioner has remained informed as to developments in the law. Petitioner completed the Pennsylvania basic practice course in August of 1988. In addition, petitioner maintains an affiliate membership in the [   ] County Bar Association, subscribes to the [   ] *Law Journal* and has attended various seminars relating to financial and mortgage banking sponsored by the [G] in New Jersey. While some reservations have been noted as to petitioner's limited experience as a member of the bar of the Commonwealth of Pennsylvania, the Disciplinary Board concludes that petitioner's original passing of the Pennsylvania bar examination and his one year of practice in the Commonwealth in conjunction with the above stated factors is sufficient evidence proving

petitioner's competency and learning in the law required for reinstatement to practice law in the Commonwealth of Pennsylvania.

## CONCLUSIONS OF LAW

The Disciplinary Board of the Supreme Court of Pennsylvania finds and concludes that the magnitude and severity of petitioner's misconduct which prompted his disbarment has been sufficiently dissipated by the passage of time, and petitioner's subsequent rehabilitation, as to permit the resumption of the practice of law without undermining the standing and integrity of the bar.

The board further concludes that petitioner has demonstrated by clear and convincing evidence that he has both the moral qualifications and the competency and learning in the law required for admission to practice in this Commonwealth. In addition, he has demonstrated that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest.

## RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that your honorable court grant the instant petition for reinstatement of [petitioner] to the practice of law in the Commonwealth of Pennsylvania.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of said petition for reinstatement.

Mr. Eckell dissented.

Messrs. Brown and Hill did not participate.

## ORDER

And now, November 19, 1991, a rule having been issued upon [petitioner] by this court on August 28, 1991, pursuant to Rule 218(c)(6), Pa.R.D.E., to show cause why an order denying reinstatement should not be entered, upon consideration of the response filed, it is hereby ordered that the rule is discharged, and the petition for reinstatement is granted, effective June 8, 1992. Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.